IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARYLYNN DIXON, )
)
Plaintiff, )
)
vs. ) Case No. 06-cv-0141-MJR
)
COMMISSIONER )
OF SOCIAL SECURITY, )
)
Defendant. )

MEMORANDUM and ORDER

REAGAN, District Judge:

By complaint filed here February 16, 2006, Plaintiff sought judicial review of a final agency decision denying her disability insurance benefits. Attorney Evan J. Beatty obtained pro hac vice admission on behalf of Plaintiff the same day the case was filed.

The docket sheet revealed no action for eleven months, so the Court issued a Notice of Impending Dismissal. The January 17, 2007 notice directed Plaintiff to take specific action by February 6, 2007 – serve Defendant or (if service had been made and Defendant failed to answer) seek a clerk's entry of default under Rule 55(a) – or face dismissal of the case.

Plaintiff's counsel clearly received notified of the impending deadline. The electronic receipt on the docket sheet reveals that the 1/17/07 Notice was mailed (via regular mail) to attorney Evan Beatty at the address he

-1-

provided to the Court. Moreover, on February 1, 2007, Andrew Gregory from Mr. Beatty's law office called the undersigned Judge's law clerk and advised her that Defendant had been served, and counsel intended to move for a clerk's entry of default shortly (within two business days). Plaintiff's counsel did move for a clerk's entry of default three times (Docs. 5, 8, 10), but each of those motions was denied or stricken (Docs. 6, 8, 11).

After the first failed attempt, the Court sua sponte extended the action deadline to March 12, 2007 (Doc. 7). Counsel's filings indicate that he received notice of this Order as well – he filed a motion for clerk's entry of default on March 12, 2007 (Doc. 8). That motion was stricken on March 15, 2007 (due to the fact it contained no signature), and counsel re-filed the motion the very next day -- again indicating that counsel was receiving Court notifications, including error notices.

Cognizant of three botched attempts at moving for a clerk's entry of default, the undersigned Judge issued an Order July 12, 2007 setting a final deadline for Plaintiff to take action to prosecute the case – August 2, 2007 – "or this case WILL BE DISMISSED for lack of prosecution" (Doc. 12).

Like the notices of motions being stricken or denied, the July 2007 Order electronically was mailed to attorney Beatty at the email address provided when he registered with the cm/ecf system: [cynkret@sbcglobal.net.](mailto:cynkret@sbcglobal.net)

The August 2nd deadline elapsed without any action taken by

Plaintiff or a motion for additional time to take action. On August 3, 2007, the undersigned Judge dismissed the case for lack of prosecution and failure to comply with the Court's deadlines. Dismissal was without prejudice (Doc. 13).[1]

Over two years passed. On August 18, 2009, Plaintiff's counsel moved this Court to vacate the August 2007 dismissal Order. That motion was stricken twice and re-filed twice (see Docs. 14, 15, 16). As with a prior stricken pleading herein, the first two motions were not signed by counsel at all. The third motion (which was signed and which was filed August 21, 2009) comes now before the Court.

The August 2009 motion states no legal basis upon which to vacate the August 2007 Dismissal Order, and the undersigned Judge knows of none. Federal Rule of Civil Procedure 60(b) permits a District Court to grant relief from an final order based on the following grounds: (1) mistake, inadvertence, surprise or excusable neglect; (2) certain types of newly discovered evidence; (3) fraud; (4 - 5) several grounds inapplicable here because no judgment was entered; and (6) any other reason justifying relief. A Rule 60(b) motion must

---

[1] Again, the Order was electronically furnished to Plaintiff's counsel at the e-mail address provided when he registered with the cm/ecf system of this Court: cynkret@sbcglobal.net. The Court maintains records of the signed ecf Registration Forms provided by counsel. The form submitted by or on behalf of Evan Jerome Beatty in this case, which was faxed to the Clerk's Office at 4:22 pm on February 5, 2007, contains the "cynkret" email address.

be made within a reasonable time, and for reasons (1), (2), and (3) above, must be filed <u>within one year</u> of the challenged order or judgment (Plaintiff's motion was not here).

Even assuming that Rule 60(b) applies, relief is not merited thereunder. Plaintiff has presented nothing falling within the above-delineated categories. There has been no mistake or surprise. Nor does the record reveal any newly discovered evidence or fraud. Plaintiff's motion demonstrates no excusable neglect, and Plaintiff has identified no other reason justifying relief.

The motion states only that Plaintiff "did not receive the Notice of Electronic Filings" and had no knowledge of the July 12, 2007 Order imposing the August 2, 2007 deadline. The docketing information belies this assertion.

Furthermore, on the record in the instant case, the Court finds the two-year passage of time between the dismissal and the motion to vacate unreasonable, which precludes relief under Rule 60(b). For all these reasons, the Court DENIES Plaintiff's motion to vacate (Doc. 17).

IT IS SO ORDERED.

DATED this 3rd day of September 2009.

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Court